IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHANIEL GREEN,** )<br> )<br>Petitioner, )<br> )<br>V. )<br> )<br>**W.A. SHERROD, and** )<br>**U. S. PAROLE COMMISSION,** )<br> )<br>Respondents. ) | Civil No. **07-304-DRH** |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief United States District Judge David R. Herndon, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

In 1981, petitioner Nathaniel Green was convicted of kidnaping, a violation of 18 U.S.C. § 1201(a)(1)); he was sentenced to 100 years of imprisonment. (Doc. 16-1, p. 2; *United States v. Nathaniel Green*, No. 80-30024-WLB (S.D.Ill. June 26, 1981)). Petitioner is currently housed at Greenville Correctional Institution. Represented by counsel, petitioner filed the above-captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the U.S. Parole Commission's decision not to grant him parole, despite a hearing examiner's recommendation that he be paroled in February 2007, after serving 26 years (312 months). (Doc. 2).

The following pertinent information is drawn from the documentary evidence submitted by the parties:

An initial parole hearing was held in December 1990, wherein petitioner was scored for purposes of Parole Commission guidelines used to establish the appropriate time range for

parole. Petitioner's offense of conviction, kidnaping, automatically places him in Category Eight[1]; other factors such as prior convictions, age and drug use resulted in a "salient factor score" of 4; the resulting rage is 150+ months (12 ½+ years). (Doc. 2-2, pp. 1-9). Several incidents while in prison[2] boosted the range further, resulting in an aggregate guideline range of 162+ months (13 ½ + years). (Doc. 2-2, pp. 1-9). In addition, a decision was made to continue the parole decision to the "fifteen year reconsideration hearing" in December 2005, at which time petitioner would have served approximately 299 months (almost 25 years). (Doc. 2-2, p. 1-9). As required when the Commission continues the parole determination date by more than 48 months above the minimum guideline range, the Commission enunciated its reasons:

> You committed an unprovoked murder of a victim, The victim was stabbed approximately 15 times and her head was beaten. Other abrasions were found on the victim's nude body, including indications of your heel mark on her side.

(Doc. 2-2, p. 1; see also Doc. 2-2, pp. 3 and 9).

Petitioner's appeal regarding whether the murder was "unprovoked" was unsuccessful. (*See* Doc. 16-1, p. 9). Following his interim hearing in July 2004, petitioner again appealed the characterization of the murder as "unprovoked. The National Appeals Board analyzed and rejected petitioner's arguments that the victim had stabbed him in the arm after petitioner grabbed her in the parking lot at 3-4 a.m., and his assertion that he was merely defending himself. The Board concluded the murder was "unprovoked," and that no mitigating

---

[1]There is no dispute that kidnaping is a Category Eight offense– the highest level. *See* 28 C.F.R. 2.20, Offense Behavior Severity Index, Ch. 2, Subch. C, § 221.

[2]Two drug-related offenses in 1983 and a 1990 assault on the chaplain with a peanut butter sack lunch. (Doc. 2-2, p. 7).

circumstances warranted a different decision.  (Doc. 16-1, p. 9).

In January 2006, a fifteen year reconsideration (*de novo*) hearing was conducted.  (Doc. 2-3, pp. 1-5).  According to the Hearing Summary, statements from petitioner, petitioner's sister and the victim's mother were taken.  (Doc. 2-3, pp. 1-2 and 4).  The guidelines calculations mirrored those made in 1990, beginning with the minimum 150 months and resulting in an aggregate range of 162+ months.  (Doc. 2-3, pp. 2-4).  Petitioner's "Program Achievement" (accomplishments while incarcerated) were characterized as "impressive" and "superior."  (Doc. 2-3, p. 3).  Petitioner had an outstanding work record; he gained an associate's science degree and took additional courses; he completed an electrical apprenticeship; he volunteered with the suicide watch program; he received a letter of commendation whereby he was credited with saving property and possibly lives when a workplace fire occurred; and he received a warden's letter of commendation for his work with the Islamic population and his role as "an affective peace maker."  (Doc. 2-3, p. 3).  The examiner was impressed by the victim's mother's statement, he considered petitioner's superior program achievements and, in the end, he opined that release after 26 years would be "consistent with how similar cases are handled by the Commission and it is viewed as being adequate punishment and accountability for this offense."  (Doc. 2-3, p. 4).  Consequently, a presumptive parole date of February 25, 2007, was recommended– after 312 months (26 years) imprisonment.  (Doc. 2-3, p. 4).  Reviewing Commissioners were split, one favoring the recommended release date, two favoring continuation to "expiration," with an interim hearing in 2008, based on the particulars of the crime that were used in 1990 to similarly continue the parole decision.  (Doc. 2-3, pp. 6-7).

Ultimately, in February 2006, the Parole Commission decided to continue the parole

decision to expiration, with the next interim hearing slated for January 2008. (Doc. 2-4, pp. 1-3). For the reasons previously stated, the minimum guideline range was 150 and the aggregate guideline range was calculated to be 162+ months. (Doc. 2-4, p. 1). The nature of the offense was again controlling. The 2006 hearing summary notes that petitioner presented an argument about mitigating circumstances, he did not deny the description of the offense offered in the Presentence Report, and he admitted that he had assaulted and killed the victim. (Doc. 2-3, p. 2). "After review of all relevant factors and information presented," a decision to exceed the lower limit of the guideline range by more than 48 months was made because:

> You committed an unprovoked murder of a victim, The victim was stabbed approximately 15 times and her head was beaten. Other abrasions were found on the victim's nude body, including indication of your heel mark on her side.

(Doc. 2-4, p. 1).

In April 2006, the National Appeals Board affirmed the Parole Commission's February decision. (Doc. 2-5). The Appeals Board found that it was procedurally correct to conduct a *de novo* hearing at the fifteen year mark; the Commission was not required to adopt the examiner's recommendation; the ultimate conclusion of the two commissioners was proper; and the Commission was aware of petitioner's program accomplishments, but found they were outweighed by "the severity of your offense of conviction." (Doc. 2-5). A review of the issues raised on appeal reveals that unlike in 1990 and 2004, petitioner did not present arguments on appeal regarding mitigating circumstances or the Commission's alleged reliance on erroneous information. (Doc. 16-1, pp. 23-25). Petitioner presented only arguments regarding procedural issues. (Doc. 16-1, pp. 23-25).

## Arguments Presented

In his petition and memorandum in support thereof, petitioner argues that:

1. The Parole Commission's failure to adopt the hearing examiners' recommendation of parole was arbitrary and capricious, and without a rational basis;

2. The Parole Commission abused its discretion when it used the same factors to continue petitioner beyond his prescribed guideline release date, as were used to establish petitioner's Category Eight baseline range;

3. The Parole Commission denied petitioner due process when it failed to prepare a memorandum explaining the reasons for its disagreement with the hearing panel's recommendation; and

4. The National Appeals Board denied petitioner due process when it relied on the insufficient record of the Parole Commission.

(Docs. 2 and 3).

In response, the Warden of Greenville Correctional Institution and the Parole Commission, counter that:

1. The Parole Commission was not bound by the hearing examiners' recommendation, and the Commission's decision was based on a proper weighing of the evidence, pro and con;

2. There cannot be any impermissible "double-counting" when one's offense severity rating is Category Eight, which is an open-ended period for release on parole; and

3. Failure to follow internal procedures requiring a statement of reasons for not following a recommendation cannot form the basis of a due process claim; and in any event, adequate reasons were given for the decision to not grant parole and for extending petitioner 48 months beyond the lower limit of the guideline range was warranted by the circumstances of his crime.

(Doc. 16).

In his reply, petitioner generally reiterates the arguments presented in his petition and memorandum. (Doc. 26). He further argues that there was no factual support for the Commission's conclusion that he committed an "unprovoked" murder, nor any import in the victim being "nude," and only mere speculation that it was petitioner's heel mark on the victim's side– all of which were stated factors for exceeding the lower limit of the guideline range by 48 months. Petitioner views the Parole Commission's decisions as "boilerplate" denials. He also contends that even if the Category Eight range is open-ended, it is irrational because it is impossible to overcome the seriousness of his offense.[3]

Petitioner also filed a "supplemental reply," which notes that he was again denied parole on January 17, 2008, and indicating that by the next review he will have served almost 30 years of his sentence. (Doc. 27).

## Analysis

Parole determinations are reviewed for an abuse of discretion; "absent a procedural or legal error, judicial review of Parole Commission action is limited to determining whether the Commission action was arbitrary or capricious." *Pulver v. Brennan*, 912 F.2d 894, 896 (7th Cir.1990). Accordingly, there need only be a rational basis in the record for the Commission's stated reasons. *Slader v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997).

Petitioner argues that the Parole Commission's failure to adopt the hearing examiners'

---

[3] Although petitioner's reply arguments were, for the most part, not properly enunciated in his petition, this Court will succinctly address them for the benefit of the District Court.

recommendation of parole was arbitrary and capricious, and without a rational basis. From petitioner's perspective, his Program accomplishments, good behavior since 1990, personal growth, remorse and the like, all outweigh the severity of his offense of conviction and any other negatives. Petitioner, like the 1990 hearing examiner, argues that his parole after 26 years in prison would be consistent with how similar cases are handled by the Commission and would be adequate punishment.

Respondents' correctly observe that the hearing examiner's recommendation was just that, a recommendation. "A recommendation of a hearing examiner panel shall become an effective Commission decision only upon the Regional Commissioner's approval and docketing in the regional office." 28 C.F.R. § 2.23(d). If the Regional Commissioner does not agree with the examiner's recommendation, the matter is referred to another Commissioner, and the decision is made on the votes of two concurring Commissioners. 28 C.F.R. § 2.24(a). That is precisely what occurred in petitioner's situation. In any event, any failure to adequately explain why the recommendation was not followed is immaterial. The Commission's failure to follow its own administrative rules and regulations does not entitle a prisoner to habeas relief, absent a constitutional violation. *Turner v. Henman*, 829 F.2d 612, 614 (7th Cir. 1987); *Edmundson v. Turner*, 954 F.2d 510, 514 (8th Cir. 1992).

The Commission decided to extend the parole decision "to expiration," with the next hearing slated in January 2008– well beyond the minimum range of 150 months and the aggregate range of 162+ months, and a year beyond what the hearing examiner had deemed consistent with the Commission's decisions in similar cases. The Commission delineated the factors that resulted in the 150 month minimum range and aggregate guideline range of 162+

7

months, and reasoned that an extension of more than 48 months was warranted because:

> You committed an unprovoked murder of a victim, The victim was stabbed approximately 15 times and her head was beaten. Other abrasions were found on the victim's nude body, including indication of your heel mark on her side.

(Doc. 2-4, p. 1).

> "To satisfy minimum due process requirements a statement of reasons should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the (Commission's) decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision ... and the essential facts upon which the (Commission's) inferences are based."

*Solomon v. Elsea,* 676 F.2d 282, 286 (7th Cir. 1982) (quoting *United States ex rel. Scott v. Ill. Parole and Pardon Board*, 669 F.2d 1185, 1191 (7th Cir. 1982) (quoting *United States ex rel. Johnson v. Chairman of New York State Board of Parole*, 500 F.2d 925, 934 (2nd Cir.)).  There must be a rational basis in the record for the Parole Commission's statement of reasons. *Walrath v. Getty*, 71 F.3d 679, 684 (7th Cir. 1995); *see also Thompson v. Veach*, 501 F.3d 832, 835 (7th Cir. 2007). However, "the Commission is neither required to state every factor upon which it relied in reaching its decision nor is it required to state that it reviewed any particular type of documentation." *Slader v. Pitzer* 107 F.3d 1243, 1249 (7th Cir. 1997).

      Procedurally, the Commission's stated reasons comport with due process requirements. The decision states that the decision was made "[a]s a result of the hearing conducted January 24, 2006," and after reviewing "all relevant factors and information presented." (Doc. 2-4, p. 1). The decision further provides the grounds for the decision, and the key facts relied upon. Petitioner's assertion that the decision is a mere boilerplate recitation of previous decisions, and

not the product of a *de novo* review is not well taken.  In *Slader v. Pitzer*, 107 F.3d 1243, 1249 (7th Cir. 1997), the Court of Appeals for the Seventh Circuit did not find fault with a similar recitation that all relevant factors and information presented had been reviewed, and a verbatim recitation of an examiner's worksheet.  The appellate court stated: "The Commission is neither required to state every factor upon which it relied in reaching its decision nor is it required to state that it reviewed any particular type of documentation."  *Slader*, 107 F.3d at 1249.  In *Garcia v. United States Board of Parole*, 557 F.2d 100, 105 (7th Cir. 1977), the appellate court observed that to require more detailed findings would be to require an opinion supporting the decision, which would exceed the mere statement of reasons standard.

Insofar as the Commission used the particularities of petitioner's offense to deny parole, "the magnitude of an inmate's individual crime may be considered the 'good cause' for which the Commission may deny parole notwithstanding the guidelines." *Solomon v. Elsea* 676 F.2d 282, 287 (7th Cir.1982); *see also Slader v. Pitzer*, 107 F.3d 1243, 1249 (7th Cir. 1997).  For example, in *Solomon*, the amount of drugs the offender possessed was considered good cause for denying parole, even though the amount had also been used in determining the offense severity factor; and in *Slader*, the offender was denied parole because the Commission gave extra weight to the fact that the murder he committed involved premeditation and "cold blood."  Aggravating factors– the particulars of the crime– may be considered without constituting "double counting" with respect to a Category Eight offense, which has no upper limit of time that must be served before parole.  *See  Kele v. U.S. Parole Commission*, 775 F.2d 243 (8th Cir. 1985); *Reynolds v. McCall*, 701 F.2d 810, 813-814 (9th Cir. 1983).  As noted in *Slader*, 107 F.3d at 1249 fn6, and explained in the Paroling Policy Guidelines, 28 C.F.R. § 2.20 fn. 1, Category Eight has no upper

limit due to the extreme variability of cases, and a grant of parole is not to be presumed for any class of Category Eight offenders.

Petitioner argues that there was no factual support for the Commission's conclusion that he committed an "unprovoked" murder, nor any import in the victim being "nude," and only mere speculation that it was petitioner's heel mark on the victim's side– all of which were stated factors for exceeding the lower limit of the guideline range by 48 months.  "The weight to accord mitigating factors is clearly entrusted to the discretion of the Commission." *Slader v. Pitzer*, 107 F.3d 1243, 1249 (7th Cir. 1997).  Moreover, these factual issues are not properly before the Court, in that they were not elucidated in the petition and, more importantly, the common law requirement of exhaustion applies to Section 2241 petitions.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).  The Commission relied upon the Presentence Report in the record, which is permitted under 28 C.F.R. § 2.19(a)(3).  *See also Slader*, 107 F.3d at 1247.  The Court need not analyze arguments about the accuracy of the factual averments in the Presentence Report, because those issues were not raised in the administrative appeal relative to the Commission's 2006 *de novo* review.  It is the 2006 decision that is before the Court, not the 1990 or 2004 decisions.

Petitioner further contends that it is irrational to continue his parole determination, considering his accomplishments in prison, long period without discipline, and other positives. However, in *Solomon v. Elsea*, 676 F.2d 282, 289-291 (7th Cir. 1982, the Court of Appeals for the Seventh Circuit specifically rejected a "sufficiency of the evidence" standard that would require weighing the "positives," as suggested by petitioner.  The appellate court noted the Commission's statutory discretion, stressed the  "rational basis" test, and concluded that the

Commission need only consider factors favorable to the offender; but, as long as there is a rational basis in the record to support the Commission's conclusions, the decision will not be disturbed. The Commission mentioned and did not dispute petitioner's "good institutional conduct and program achievement" (Doc. 2-4, p. 1), which was more fully set forth in the original 2006 hearing summary and recommendation (Doc. 2-3, pp. 1-7). As the National Appeal Board stated, "The Commission was aware of your institutional accomplishments, but determined that these were outweighed by the severity of your offense of conviction." (Doc. 2-5).

Having concluded that the Commission's 2006 decision was properly articulated and rational, based on the record, petitioner's argument that the National Appeals Board denied petitioner's argument that it was error for the Board to rely on the Commission's insufficient record necessarily fails. The Petitioner also asserts that the Commission's failure to follow internal rules regarding the enunciation of reasons for not adopting the hearing examiner's recommendation, and the Commission's failure to discuss his institutional accomplishments, deprived the Board of a proper record upon which to base its review. However, petitioner ignores the fact that the hearing examiner's summary fully discusses petitioner's institutional record and all of his "positives." (Doc. 2-3, pp. 1-5). Although the Commission did not adopt the recommendation of parole in 2007 after 312 months, "[a]s a result of the hearing conducted January 4, 2006" and petitioner's "good institutional adjustment and program achievement" (Doc. 2-4, p. 1), the Commissioners voted, ultimately garnering the required concurrence with a decision to "continue to expiration." (Docs. 2-3, pp. 6-7, and 2-4, p. 1). Thus, the Appeals Board correctly concluded: "The Commission was aware of your institutional accomplishments,

but determined that these were outweighed by the severity of your offense of conviction." (Doc. 2-5).

## Recommendation

For the aforestated reasons, it is the undersigned Magistrate Judge's recommendation that petitioner's petition for writ of habeas corpus be denied.

**DATED:  January 11, 2010**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(d), the parties shall file any objections to this report and recommendation on or before **January 28, 2010**.